UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SADIE S. SHAW,<br><br>    Plaintiff,<br><br>    v.<br><br>OCWEN LOAN SERVICING, LLC, et al.,<br><br>    Defendants. | Case No. 15-cv-01755-JD<br><br>**ORDER DISMISSING COMPLAINT**<br>Re: Dkt. No. 14 |

Pro se plaintiff Sadie Shaw filed this diversity action against various defendants on April 17, 2015, alleging thirteen causes of action stemming from "negligent, fraudulent and unlawful conduct concerning a residential DOT loan transaction and foreclosure action." Dkt. No. 1 ¶ 1. Shaw dismissed defendant JPMorgan Chase Bank, N.A. from the case with prejudice on October 13, 2015. Dkt. No. 35. The Court stayed defendants Ocwen Loan Servicing, LLC's and Mortgage Electronic Registration Systems, Inc.'s motion to dismiss, Dkt. No. 14, pending the parties' participation in alternative dispute resolution. Dkt. No. 27. At the unsuccessful conclusion of that process, the Court lifted the stay and ordered Shaw to respond to the Complaint, which she did on October 20, 2015. Dkt. Nos. 36, 37. Shaw agreed to drop all claims and arguments "related to securitization," and indicated she would only maintain claims based on "the aforementioned Civil Code sections, as well as Fraud and material breaches." Dkt. No. 37 at 2. The Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b) and now dismisses the complaint for lack of subject matter jurisdiction.

**DISCUSSION**

The Court's first order of business in every case is making sure that its jurisdiction has been properly established. "Federal courts are courts of limited jurisdiction. *See Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986). If not given the power to consider a

1  claim under the United States Constitution or a federal statute, they lack subject matter jurisdiction
2  and must dismiss the claim.  *See Chen–Cheng Wang ex rel. United States v. FMC Corp.,* 975 F.2d
3  1412, 1415 (9th Cir.1992).  The party asserting subject matter jurisdiction bears the burden of
4  showing that it exists.  *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994)."
5  *Cupp v. Straley*, No. 15–cv–01565–JD, 2015 WL 4735212 at *2 (N.D. Cal. Aug 10, 2015); *see*
6  *also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter
7  jurisdiction, the court must dismiss the action.")  Here, plaintiff invokes diversity jurisdiction
8  under 28 U.S.C. § 1332(a).  "The essential elements of diversity jurisdiction, including the diverse
9  residence of all parties, must be affirmatively alleged in the pleadings."  *Bautista v. Pan Am.*
10 *World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987) (internal citation omitted).

11  Shaw's complaint fails this requirement.  The complaint does not provide enough
12 information to establish that this is an action between "citizens of different States" that the Court
13 is empowered to hear.  28 U.S.C. § 1332(a)(1).  As an initial matter, plaintiff's own citizenship for
14 diversity purposes is unclear.  A person is a citizen of the state where she is domiciled, which is
15 the "location where he or she has established a fixed habitation or abode in a particular place, and
16 [intends] to remain there permanently or indefinitely."  *Lew v. Moss*, 797 F.2d 747, 749-50 (9th
17 Cir.1986) (internal quotation marks and citation omitted).  This is an open question for plaintiff
18 because she is using a Tennessee address in the header and signature block of the Complaint, Dkt.
19 No. 1 at 1, 37, 38, but alleges she is a "resident[]" of Alameda County, California.  *Id.* at ¶¶ 8, 21.
20 Shaw also fails to allege the citizenship of defendant Ocwen Loan Servicing, LLC ("Ocwen").
21 Plaintiff alleges only that Ocwen "is a national association organized outside the state of
22 California."  *Id.* at ¶ 13.  This is too vague a basis for establishing diversity citizenship because
23 "partnerships, LLC's and other unincorporated associations are citizens of every state of which its
24 owners/members are citizens."  *Moss v. Infinity Ins. Co.*, No. 15-CV-03456-JSC, 2015 WL
25 7351395, at *2 (N.D. Cal. Nov. 20, 2015) (citing *Johnson v. Columbia Props. Anchorage, LP*, 437
26 F.3d 894, 899 (9th Cir. 2006)).  Shaw provides no information of any kind about the citizenship of
27 any of Ocwen's members, and no allegation that their citizenship differs from hers.  The complaint
28 fails to lay the foundation for diversity jurisdiction and consequently must be dismissed.

2

Shaw may try to amend the complaint with proper diversity allegations by **March 1, 2016**. It is possible that Shaw may not be able to obtain definitive information about the citizenship of Owcen's members. If so, the Ninth Circuit provides that the plaintiff may "plead its jurisdictional allegations as to those defendants on information and belief and without affirmatively asserting those defendants' citizenship." *Carolina Cas. Ins. Co. v. Team Equip., Inc.,* 741 F.3d 1082, 1086 (9th Cir. 2014). If plaintiff pleads under this standard, and defendants challenge the Complaint for lack of jurisdiction, defendants should provide the Court with evidence about their citizenship. *See id*. at 1088. If plaintiff chooses to amend, she should also clearly allege the state in which she is domiciled.

For the benefit of the parties in avoiding unnecessary motion work if plaintiff should amend, the Court notes that plaintiff's allegation of the amount in controversy is acceptable. Plaintiff expressly alleges that "[t]he amount in controversy exceeds $75,000.00." Dkt. No. 1 ¶ 23. That is all she needs to say and specific facts supporting that allegation are not required under Section 1332(a). *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014) ("When a plaintiff invokes federal-court jurisdiction, the plaintiff's amount-in-controversy allegation is accepted if made in good faith"). Defendants' papers also suggest that plaintiff obtained the property at issue in this litigation through a loan in the amount of $402,500. *See, e.g.*, Dkt. No. 14-1, Exh. A at 2. Because the plaintiff's complaint seeks to enjoin defendants from foreclosing on the subject property, the amount in controversy in this action should measure at least $402,500. *See Reyes v. Wells Fargo Bank, N.A.*, No. 10-1667, 2010 WL 2629785, at *4 (N.D. Cal. June 29, 2010) (stating, "If the primary purpose of a lawsuit is to enjoin a bank from selling or transferring property, then the property is the object of the litigation," and collecting cases); *see also Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation.")

## CONCLUSION

The Court dismisses plaintiff's complaint for lack of subject matter jurisdiction. Plaintiff may file an amended complaint not later than March 1, 2016. Plaintiff may amend only the

1  jurisdiction and citizenship allegations; she cannot add any new claims or parties, or reassert the
2  claims or arguments "related to securitization" that she has abandoned. Dkt. No. 37 at 2.
3  Defendants' motion to dismiss is denied without prejudice to renewal if warranted in response to
4  plaintiff's amended complaint.

5  **IT IS SO ORDERED.**

6  Dated: February 1, 2016

JAMES DONATO
United States District Judge