UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SADIE S. SHAW,<br><br>          Plaintiff,<br><br>     v.<br><br>OCWEN LOAN SERVICING, LLC, et al.,<br><br>          Defendants. | Case No. 15-cv-01755-JD<br><br>**ORDER RE MOTION TO DISMISS** |

In this action for "negligent, fraudulent and unlawful conduct concerning a residential DOT loan transaction and foreclosure action," Dkt. No. 1 ¶ 1, defendants Ocwen Loan Servicing, LLC ("Ocwen") and Mortgage Electronic Registration Systems, Inc. ("MERS") move to dismiss the first amended complaint ("FAC") under Federal Rule of Civil Procedure 12(b)(6). Dkt. Nos. 41, 42. The motion is granted with limited leave to amend.

## BACKGROUND

Plaintiff Sadie Shaw started this case pro se, although she now has a lawyer. She initially claimed to be the owner of the property. Dkt. No. 41 at 2. At some point, certain parties initiated foreclosure on the deed of trust to the property, leading to a prior suit in this district. When that matter was dismissed, defendants' non-judicial foreclosure efforts continued and defendants began refusing her payments. *Id*. at 4.

Shaw filed this diversity action in April 2015, alleging thirteen causes of action. She dismissed defendant JPMorgan Chase Bank, N.A. with prejudice on October 13, 2015. Dkt. No. 35. The Court stayed defendants Ocwen Loan Servicing, LLC's and Mortgage Electronic Registration Systems, Inc.'s motion to dismiss, Dkt. No. 14, pending the parties' participation in alternative dispute resolution. Dkt. No. 27. At the unsuccessful conclusion of that process, the

1  Court lifted the stay and ordered Shaw to respond to the Motion to Dismiss, which she did on
2  October 20, 2015.  Dkt. Nos. 36, 37.  Shaw agreed to drop all claims and arguments "related to
3  securitization," and indicated she would only maintain claims based on "the aforementioned Civil
4  Code sections, as well as Fraud and material breaches."  Dkt. No. 37 at 2.  The Court then took the
5  motion to dismiss under submission and dismissed the complaint for lack of subject matter
6  jurisdiction, since Shaw had failed to adequately plead the parties' citizenship to support her claim
7  for diversity jurisdiction.  Dkt. No. 40.

8  Shaw filed an amended complaint asserting nine claims: (1) Violation of California Civil
9  Code Sections 2923.55 and 2923.6, (2) Injunctive Relief, (3) Negligence Per Se, (4) Accounting,
10 (5) Breach of Covenant of Good Faith and Fair Dealing, (6) Breach of Fiduciary Duty, (7)
11 Wrongful Foreclosure, (8) Intentional Infliction of Emotional Distress, and (9) Slander of Title.
12 Dkt. No. 41.  Following the submission of the amended complaint, the foreclosure sale of the
13 property occurred on March 3, 2016.  Dkt. No. 57 at 2.  Ocwen and MERS moved to dismiss the
14 FAC on March 14, 2016, which was briefly tabled to allow plaintiff the opportunity to find
15 counsel.  Dkt. Nos. 42, 48.  Shaw's motion for a temporary restraining order appeared in the
16 docket the same day, and was denied on March 23, 2016 as it was an inappropriate mechanism to
17 void a sale that had already occurred.  Dkt. Nos. 43, 48.

18 In response to the motion to dismiss, Shaw opposes the grounds for dismissal and seeks to
19 amend her complaint.  Dkt. No. 57 at 1-2.  "Normally, the proper vehicle to seek leave to amend a
20 pleading is a motion pursuant to Federal Rule of Civil Procedure 15."  *Sanches v. City of Crescent
21 City*, No. C 08-1395 MEJ, 2009 WL 650247, at *12 (N.D. Cal. Mar. 10, 2009).  Instead, Shaw
22 attaches a second amended complaint to her opposition to "cure all of the alleged deficiencies
23 noted in the Defendants' moving papers" and "add a cause of action for Wrongful Foreclosure."
24 Dkt. No. 57 at 3.  Shaw voluntarily dismisses the claim for injunctive relief, since the property has
25 already sold, *Id.* at 11,  and withdraws six claims in her proposed second amended complaint.

26 For the operative complaint, the claims that Shaw decided to withdraw if granted leave to
27 amend (the Second, Third, Fourth, Fifth, Sixth, Eighth, and Ninth claims) are dismissed with
28 prejudice.  The issues for the remaining two claims, wrongful foreclosure and violations of

2

sections 2923.55 and 2923.6 of the Homeowners Bill of Rights ("HOBR"), are whether they should be dismissed and whether leave to amend should be afforded.

## DISCUSSION

### I. DISMISSAL OF DEFENDANT MERS

MERS seeks dismissal because the only specific mention of it in the FAC alleges that it "acted on behalf of a Defendant that was not beneficiary under the DOT." Dkt. No. 42 at 5. In response, Shaw does not indicate that she can presently amend the complaint to assert additional facts as to this defendant, instead asking for discovery to "reveal[] that MERS has some role in this matters." Dkt. No. 57 at 7. The complaint states no factual allegations against defendant MERS and proposing to wait on discovery before stating a competent claim is not an acceptable practice. MERS is dismissed from the case.

### II. DIVERSITY JURISDICTION - REMAINING PARTIES

Shaw's initial complaint was dismissed with leave to amend because it did not provide enough information to establish diversity citizenship. 28 U.S.C. § 1332(a)(1). Her own citizenship was unclear and she failed to properly allege the citizenship of defendant Ocwen. Dkt. No. 40. In the FAC, she alleges that she is "domiciled in California," despite the fact that she "has married and is in the process of relocating to Tennessee, hence the [Tennessee] mailing address." Dkt. No. 41 at 2. She now alleges that Ocwen is a foreign business corporation organized under the laws of the State of Florida. *Id.* Defendants seek dismissal for lack of subject matter jurisdiction because Shaw still failed to provide any information about the citizenship of Ocwen's members. Dkt. No. 42 at 5. Shaw asserts that diversity jurisdiction was addressed during the Court's conference call, but the record is not clear to this point. Dkt. No. 57 at 7.

The Court is satisfied that diversity jurisdiction exists based on Ocwen's representations in other proceedings. A limited liability corporation is a citizen of all of the states of which its members are citizens. *Johnson v. Columbia Props., Anchorage LP*, 437 F.3d 894, 899 (9th Cir. 2006). Ocwen has previously stated to another federal court that "[t]he sole member of Ocwen Loan Servicing, LLC is Ocwen Loan Servicing, Inc., which is incorporated and has its principal place of business in the U.S. Virgin Islands." *Hockessin Holdings, Inc. v. Ocwen Loan Servicing,*

3

1  *LLC*, No. 4:15CV704, 2016 WL 1046270, at *1-2 (E.D. Texas, March 16, 2016).  Thus, Ocwen
2  Loan Servicing, LLC is a citizen of the U.S. Virgin Islands for purposes of diversity jurisdiction.
3  Because an "inadequate pleading does not in itself constitute an actual defect of federal
4  jurisdiction," diversity jurisdiction exists to address the merits.  *Kanter v. Warner–Lambert Co.*,
5  265 F.3d 853, 858 (9th Cir. 2001) (quotation omitted).  Shaw is directed to properly allege venue
6  and jurisdiction if she chooses to amend the complaint.

### III.  REQUEST FOR JUDICIAL NOTICE

A court generally looks only to the face of the complaint when ruling on a motion to dismiss, but may consider certain documents attached to the complaint, incorporated by reference, or matters of judicial notice without converting the motion to dismiss into a motion for summary judgment.  *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003).  In the previous motion to dismiss, defendants requested judicial notice of nine documents and continue to refer to them in the second motion.  *See* Dkt. No. 14-1.  Exhibits A through E are trust documents for the property in dispute, each contained in the official records office of Alameda County.  *Id.* at 1 (Exhibit A: Deed of Trust, dated December 14, 2007; Exhibit B: Corporation Assignment of Deed of Trust, dated August 29, 2012; Exhibit C: Substitution of Trustee, dated February 3, 2015; Exhibit D: Notice of Default and Election to Sell Under Deed of Trust, dated March 11, 2011; Exhibit E: Notice of Trustee's Sale, dated June 19, 2015).  Exhibits F through I are the docket and orders from Case No. 13-cv-03165-KAW in the Northern District of California, also found in the public record.  The Court therefore takes judicial notice of each document's existence and legal consequence, but not judicial notice of the disputed facts contained therein.  Fed. R. Evid. 201(b); *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

### IV.  VIOLATIONS OF CALIFORNIA CIVIL CODE SECTIONS 2923.55 and 2923.6

In the amended complaint, Shaw's first cause of action alleges violations of California Civil Code sections 2923.55 and 2923.6.  There are barely any factual allegations for either violation, and Shaw mainly just lists statutory provisions and concludes they were violated.  Dkt. No. 41 at 4-6. In the few facts alleged, Shaw claims that Ocwen "dual tracked" her loan, by refusing to accept her payments during negotiations.  *Id.* at 4.  She says that Ocwen was "plotting

4

a foreclosure on the property" when she thought it was qualifying her for a loan modification. *Id.* She claims the Notice of Trustee Sale did not include the mandated declaration required by Civil Code section 2923.5(g) and Ocwen failed to give her information required under section 2923.5. *Id.* at 5-6.

Ocwen argues that a failure to allege tender is fatal to each claim and that the causes of action under the HOBR are "incurably defective because: (1) the property at issue is not her primary residence; (2) any purported irregularities in the foreclosure process did not cause plaintiff's harm; and (3) the FAC's allegations, combined with the judicially noticeable documents, make clear that Ocwen did not violate the HBOR." Dkt. No. 58 at 2.

As a preliminary matter, the failure to allege tender does not defeat each claim at the pleadings stage. *See Green v. Central Mortgage Co.*, 148 F. Supp. 3d 852, 869-70 (N.D. Cal. 2015). While the tender rule applies to equitable claims, such as wrongful foreclosure, Ocwen fails to explain why it applies to Shaw's non-equitable claims under the HBOR and it will not be addressed for these causes of action. *Id.* at 870.

**A. Standing to Raise HBOR Claims**

The HBOR was enacted "to ensure that, as part of the nonjudicial foreclosure process, borrowers are considered for, and have a meaningful opportunity to obtain, available loss mitigation options, if any, offered by or through the borrower's mortgage servicer, such as loan modifications or other alternatives to foreclosure." Cal. Civ. Code § 2923.4. Among other things, the HBOR prohibits "dual tracking," which occurs when a bank forecloses on a loan while negotiating with the borrower to avoid foreclosure. *See id.* § 2923.6. The other provisions of the HBOR "obligate lenders to provide certain information to borrowers, to issue written determinations regarding the borrower's eligibility for a loan application, and to provide a single point of contact for borrowers seeking loan modification." *Asturias v. Nationstar Mortgage LLC*, No. 15-cv-03861-RS, 2016 WL 1610963, at *3 (N.D. Cal. Apr. 22, 2016) (citing Cal. Civ. Code §§ 2923.5-.7.) The HBOR protections apply only to first lien mortgages or deeds of trust secured by owner-occupied, one-to-four unit properties. Cal. Civ. Code § 2924.15(a). An "owner-

occupied" property is "the principal residence of the borrower and is security for the loan made for personal, family, or household purposes." *Id.*

The FAC is deficient because it does not allege that the property at issue was Shaw's primary principal residence at the time she initiated the loan. Ocwen states this claim is incurable because Shaw no longer resides in California and used the Alameda property as a rental. Dkt. No. 42 at 7-8. But Shaw represents to the Court in opposition that she utilized the property "as her primary residence while serving on the Board of Directors for the Homeowners Association for many years, and only after the FAC was filed, rented it out on a month-to-month-basis." Dkt. No. 57 at 10. Based on this representation, amendment on this ground is not futile and Shaw will have an opportunity to amend this claim.

**B. Violations of California Civil Code Section 2923.55**

Although not certain in the amended complaint, Shaw seems to be alleging violations of California Civil Code section 2923.5, along with violations of section 2923.55. To be clear, any claims for violations of Civil Code section 2923.5 must be dismissed as a matter of law because that provision had a sunset date of January 1, 2013, when it was replaced with Civil Code section 2923.55, and the notice of default here was recorded after that date. *See Fink v. Wells Fargo Bank, N.A.*, No. 15-cv-0001-YGR, 2015 WL 1204854, at *4 (N.D. Cal. Mar. 16, 2015).

California Civil Code section 2923.55 requires that a mortgage servicer contact the borrower "in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure," thirty days prior to recording a notice of default. "During the initial contact, the mortgage servicer shall advise the borrower that he or she has the right to request a subsequent meeting and, if requested, the mortgage servicer shall schedule the meeting to occur within 14 days." *Id.* § 2923.55(b)(2). When a notice of default is filed, the mortgage servicer must include a declaration that those notice or due diligence requirements were satisfied. *Id.* § 2923.55(a)(2),(f). If a trustee's deed upon sale has already been recorded, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall be liable to a borrower for actual economic damages, resulting from a *material* violation of section 2923.55. *Id.* § 2924.12(b) (emphasis added).

Ocwen says that the notice of default, which contains a declaration that tracks the statutory language of section 2923.55 and indicates defendant "exercised due diligence" (Dkt. No. 14, RJN, Ex. D), defeats any claim that notice was insufficient.  Dkt. No. 42 at 8-9.  While the Court takes notice of Exhibit D, it does not take notice of the truth of the declaration.  *Intengan v. BAC Home Loans Servicing LP*, 214 Cal. App. 4th 1047, 1057-58 (2013).  Because of this, the declaration does not necessarily defeat claims that could arise from insufficient due diligence.

From the face of the complaint, however, Shaw has not alleged facts to show that the due diligence steps were not taken or that any violations were material.  *See Cornejo v. Ocwen Loan Servicing*, 151 F. Supp. 3d 1102, 1114 (E.D. Cal. 2015); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").  Shaw also asserts she was in communication with Ocwen about loan modifications, undermining her claims that notice was deficient.  Dkt. No. 41 at 8.  Because factual circumstances have changed since the FAC was filed and the Court is unsure whether the deficiencies may be cured with aid of a new attorney, this count is dismissed with leave to amend.  *See Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002) (leave to amend should be granted unless "the complaint could not be saved by any amendment.").

**C. Violations of California Civil Code Section 2923.6**

Section 2923.6(c) provides that if a mortgage servicer offers a first lien loan modification, and the borrower has submitted a "complete application," the mortgage servicer "shall not record a notice of default, notice of sale, or conduct a trustee's sale" while the application is pending unless certain requirements are met.  This section was meant to avoid "dual tracking," the practice of pursuing foreclosure while a borrower's loan modification application is still pending.  *Rockridge Trust v. Wells Fargo, N.A.*, 985 F. Supp. 2d 1110, 1149 (N.D. Cal. 2013).  A violation of this section is dependent on the homeowner first submitting a completed application and not being afforded an opportunity to be evaluated for a loan modification.  *Major v. Wells Fargo Bank, N.A.*, No. 14-cv-998-LAB-RBB, 2014 WL 4103936, at *5 (S.D. Cal. Aug. 18, 2015).  "[A]n application shall be deemed 'complete' when a borrower has supplied the mortgage servicer with all

1   documents required by the mortgage servicer within the reasonable timeframes specified by the
2   mortgage servicer." Cal. Civ. Code § 2923.6(h).

3   Shaw's bare bone allegations that she "believed Ocwen was qualifying her for a loan
4   modification" when the notice of default was filed does not survive the 12(b)(6) pleading standard.
5   Shaw has not alleged when she submitted her loan modification, or that it was complete. *See*
6   *Iqbal*, 556 U.S. at 678. Shaw will be given one more opportunity to amend this claim, now that
7   she is represented by counsel. Dkt. No. 57 at 2.

## V.   WRONGFUL FORECLOSURE

A wrongful foreclosure is a common law tort claim to set aside a foreclosure sale, or an action for damages resulting from the sale, on the basis that the foreclosure was improper. *Sciarratta v. U.S. Bank Nat'l Ass'n*, 247 Cal. App. 4th 552, 561 (2016). Under California law, the elements of a wrongful foreclosure cause of action are: (1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering. *Id.* at 562. "Mere technical violations of the foreclosure process will not give rise to a tort claim; the foreclosure must have been entirely unauthorized on the facts of the case." *Id.* (quotation omitted).

It is clear from the FAC that Shaw has not alleged any of these elements to successfully plead a claim for wrongful foreclosure. Because the sale occurred between the time of the FAC and the opposition, she is afforded another opportunity to amend this claim.

## VI.   VIOLATIONS OF THE UCL AND NEGLIGENCE

Shaws's proposed second amended complaint alleges a claim for negligence and a claim under the California Unfair Competition Law, Business and Professions Code section 17200 et seq. ("UCL"), not present in the FAC. While parties have disputed whether a fiduciary duty exists and the basis for a legal duty, the FAC, opposition brief, and proposed second amended complaint each assert different variations of a duty. The Court does not engage, or expect Ocwen to, with this moving target now. *See Sanches*, 2009 WL 650247, at *12. Shaw will have leave to add a

claim for negligence, rather than negligence per se, and a claim under the UCL, predicated only on the remaining violations of California Civil Code set forth in this Order.

Shaw may not add any additional claims in the second amended complaint. She has until **December 23, 2016** to file a second amended complaint.

**IT IS SO ORDERED.**

Dated:  December 5, 2016

JAMES DONATO
United States District Judge