# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

SADIE S. SHAW,

    Plaintiff,

v.

OCWEN LOAN SERVICING, LLC, et al.,

    Defendants.

Case No. 15-cv-01755-JD

**ORDER RE MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Re: Dkt. No. 69

Plaintiff Sadie Shaw has sued defendant Ocwen Loan Servicing, LLC ("Ocwen") for improperly foreclosing on her house. Shaw started this case pro se, but she has been represented by an attorney since April 2016 and through the drafting of the second amended complaint, which Shaw incorrectly calls a third amended complaint. Ocwen moves to dismiss under Federal Rule of Civil Procedure 12(b)(6). The motion is granted and denied in part.

## DISCUSSION

To meet the pleading requirements of Rule 8(a) and to survive a Rule 12(b)(6) motion to dismiss, a claim must provide "a short and plain statement . . . showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), including "enough facts to state a claim . . . that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face if, accepting all factual allegations as true and construing them in the light most favorable to the plaintiff, the Court can reasonably infer that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility analysis is context-specific and requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

### I. CALIFORNIA CIVIL CODE SECTION 2923.55

California Civil Code Section 2923.55 requires that a mortgage servicer contact the borrower "in person or by telephone in order to assess the borrower's financial situation and

explore options for the borrower to avoid foreclosure" thirty days prior to recording a notice of default. If a trustee's deed upon sale has already been recorded, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall be liable to a borrower for actual economic damages resulting from a material violation of Section 2923.55. Cal. Civ. Code § 2924.12(b).

Shaw alleges that Ocwen violated Section 2923.55 by failing to contact her before recording a notice of default. However, she admits that she was "in constant communication with counsel for OCWEN to discuss a modification of the Mortgage Loan," and that she applied for two loan modifications. Dkt. No. 67 at 12, 14. This puts into serious doubt both Shaw's claim that notice was deficient and her claim that any deficiency is material. *Knapp v. Dougherty*, 123 Cal. App. 4th. 76, 93-94 (2004). But since it is possible that Shaw can amend to make the requisite showing of materiality, the Court dismisses this claim with leave to amend. *See Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002).

## II. CALIFORNIA CIVIL CODE SECTION 2923.6

California Civil Code Section 2923.6(c) provides that if a mortgage servicer offers a first lien loan modification, and the borrower has submitted a complete application, the mortgage servicer "shall not record a notice of default, notice of sale, or conduct a trustee's sale" while the application is pending unless certain requirements are met. If the application for loan modification is denied, the borrower must be given a 30-day period to appeal the denial. Cal. Civ. Code §§ 2923.6(d), (e).

Shaw alleges that the first notice of default was mailed on March 11, 2015. Dkt. No. 67 at 6. Shaw also alleges that at some point before then, Ocwen denied her loan modification application. Without alleging that this denial occurred fewer than thirty-one days before the notice of default was mailed, Shaw fails to plausibly allege a violation of Section 2923.6(c). Consequently, the Court dismisses this claim. Shaw will be granted leave to amend to allege a clear timeline of any loan modification applications and any notices of default.

## III. THE UNFAIR COMPETITION LAW (UCL)

The Court's prior dismissal order granted Shaw leave to add a claim under the UCL, Cal. Bus. & Prof. Code §§ 17200 *et seq.*, "predicated only on the remaining violations of California

2

Civil Code set forth in this Order" -- namely, the HBOR violations alleged in Counts One and Two. Because Counts One and Two are dismissed with leave to amend, so too is Count Three.

## IV. NEGLIGENCE

"[T]o recover on a theory of negligence, Plaintiffs must prove duty, breach, causation, and damages." *Truong v. Nguyen*, 156 Cal. App. 4th 865, 875 (2007). Ocwen vigorously denies that it owes a duty of care "to offer, consider, or approve a loan modification." *Badame v. J.P. Morgan Chase Bank, N.A.*, 641 Fed. Appx. 707, 709 (9th Cir. 2016). That may be true, but Ocwen "does owe a duty to a borrower to not make material misrepresentations about the status of an application for a loan modification." *Lueras v. BAC Home Loans Servicing, LP*, 221 Cal. App. 4th 49, 68 (2013). "In California, the test for determining whether a financial institution owes a duty of care to a borrower-client involves the balancing of various factors, among which are [1] the extent to which the transaction was intended to affect the plaintiff, [2] the foreseeability of harm to him, [3] the degree of certainty that the plaintiff suffered injury, [4] the closeness of the connection between the defendant's conduct and the injury suffered, [5] the moral blame attached to the defendant's conduct, and [6] the policy of preventing future harm." *Nymark v. Heart Fed. Savings & Loan Assn.*, 231 Cal. Appl. 3d 1089, 1098 (1991) (internal quotation marks omitted).

All six factors -- and particularly the last two -- counsel in favor of finding here a duty of care not to induce a borrower to miss mortgage payments with false or misleading promises. Shaw alleges that counsel for Ocwen repeatedly instructed her to miss her mortgage payments "in order to be approved for" a loan modification; that she missed payments in reliance on these instructions; that her loan modification application was nonetheless denied; and that her account was consequently put into default. Dkt. No. 67 at 4-5, 21. Because this plausibly establishes a negligence claim based on material misrepresentation, Count Four survives the motion to dismiss.

## V. WRONGFUL FORECLOSURE

A wrongful foreclosure is a common law tort claim to set aside a foreclosure sale -- or an action for damages resulting from the sale -- on the basis that the foreclosure was improper. *Sciarratta v. U.S. Bank Nat'l Ass'n*, 247 Cal. App. 4th 552, 561 (2016). Under California law, the elements of a wrongful foreclosure cause of action are: (1) the trustee or mortgagee caused an

illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering. *Id.* at 562. "Mere technical violations of the foreclosure process will not give rise to a tort claim; the foreclosure must have been entirely unauthorized on the facts of the case." *Id.* (internal quotation marks omitted).

Shaw has not pled facts sufficient to plausibly show that she tendered the amount of the indebtedness or that she was excused from tendering. The conclusory statement that "the amount in alleged arrearages were submitted and tendered on each monthly billing cycle," Dkt. No. 67 at 7, is not enough under *Twombly* and *Iqbal*. Consequently, this claim is dismissed with leave to amend.

## CONCLUSION

Counts One, Two, Three, and Five are dismissed with leave to amend. The motion to dismiss is denied as to Count Four. Shaw may file an amended complaint by **October 13, 2017** that is consistent with this and the prior dismissal order. Because that will be Shaw's third amended complaint, further amendment is highly unlikely to be permitted.

**IT IS SO ORDERED.**

Dated: September 22, 2017

JAMES DONATO
United States District Judge