UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SADIE S. SHAW,<br><br>          Plaintiff,<br><br>     v.<br><br>OCWEN LOAN SERVICING, LLC, et al.,<br><br>          Defendants. | Case No.  15-cv-01755-SK<br><br>**NOTICE OF QUESTIONS FOR THE HEARING** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON JANUARY 25, 2021 AT 9:30 A.M.  The Court intends to address the questions below at the hearing.  If, in response to a question in this notice, any party intends to rely on authorities not previously cited to the Court, that party is ORDERED to notify the Court and opposing counsel of these authorities by no later than January 20, 2021.  Moreover, the Court advises the parties that it will not accept written answers to the questions.

Before setting forth the questions, the Court finds it would be beneficial to clarify the status of this case and the Court's previous rulings.  On December 5, 2016, the Court granted the motion to dismiss Plaintiff's First Amended Complaint but provided Plaintiff with leave to amend. (Dkt. No. 66.)  The Court noted that the California Homeowner's Bill of Rights was enacted "to ensure that, as part of the nonjudicial foreclosure process, borrowers are considered for, and have a meaningful opportunity to obtain, available loss mitigation options, if any, offered by or through the borrower's mortgage servicer, such as loan modifications or other alternatives to foreclosure." Cal. Civ. Code § 2923.4.  Among other things, the HBOR prohibits "dual tracking," which occurs when a bank forecloses on a loan while negotiating with the borrower to avoid foreclosure.  *See id.* § 2923.6.  The other provisions of the HBOR "obligate lenders to provide certain information to

borrowers, to issue written determinations regarding the borrower's eligibility for a loan application, and to provide a single point of contact for borrowers seeking loan modification." *Asturias v. Nationstar Mortgage LLC*, No. 15-cv-03861-RS, 2016 WL 1610963, at *3 (N.D. Cal. Apr. 22, 2016) (citing Cal. Civ. Code §§ 2923.5-.7.)  The Court found that Plaintiff's claims under the HBOR were deficient because Plaintiff failed to allege that the property at issue was her primary residence at the time she initiated the loan.  (Dkt. No. 66.)  The Court provided Plaintiff with leave to amend and she has since corrected this deficiency.

However, the Court also dismissed Plaintiff's HBOR claims based on other reasons.  The Court noted that Plaintiff appeared to be alleging a violation of California Civil Code section 2923.55, which requires that a mortgage servicer contact the borrower "in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure," thirty days before recording a notice of default.  The Court determined that Plaintiff had not alleged facts to show that the due diligence steps were not taken or that any violations were material.  (Dkt. No. 66.)  Additionally, Plaintiff also asserted she was in communication with Ocwen about loan modifications, which undermined her claims that notice was deficient.  (*Id.*)  Nevertheless, the Court provided Plaintiff with leave to allege additional facts.

Plaintiff also alleged a claim under California Civil Code section 2923.6, which provides that, if a mortgage servicer offers a first lien loan modification, and the borrower has submitted a "complete application," the mortgage servicer "shall not record a notice of default, notice of sale, or conduct a trustee's sale" while the application is pending unless certain requirements are met.  This section was meant to avoid "dual tracking," the practice of pursuing foreclosure while a borrower's loan modification application is still pending.  *Rockridge Trust v. Wells Fargo, N.A.*, 985 F. Supp. 2d 1110, 1149 (N.D. Cal. 2013).  A violation of this section is dependent on the homeowner's submission of a completed application, without an opportunity to be evaluated for a loan modification.  *Major v. Wells Fargo Bank, N.A.*, No. 14-cv-998-LAB-RBB, 2014 WL 4103936, at *5 (S.D. Cal. Aug. 18, 2015).  The Court dismissed Plaintiff's section 2923.6 claim because she failed to allege the time she submitted her loan modification and that she failed to allege that it was complete.  Again, the Court provided Plaintiff with leave to amend.  (Dkt. No. 66.)

In that Order, the Court also dismissed Plaintiff's claim for wrongful foreclosure based on her failure to allege the necessary elements, but provided Plaintiff with leave to amend. (Dkt. No. 66.) The Court also provided Plaintiff with leave to amend her claim under the California Unfair Competition Law and her claim for negligence. (*Id*.)

On September 22, 2017, the Court granted the motion to dismiss Plaintiff's Second Amended Complaint. In that Order, the Court dismissed Plaintiff's amended claims under Sections 2923.55 and 2923.6. (Dkt. No. 81.) The Court noted that Plaintiff alleged that Ocwen violated Section 2923.55 by failing to contact her before recording a notice of default. However, Plaintiff admitted that she was "in constant communication with counsel for OCWEN to discuss a modification of the Mortgage Loan," and that she applied for two loan modifications. (Dkt. No. 81 (citing Dkt. No. 67 at 12, 14).) The Court found that Plaintiff's allegations put into serious doubt both Plaintiff's claim that notice was deficient and her claim that any deficiency was material. *Knapp v. Dougherty*, 123 Cal. App. 4th. 76, 93-94 (2004). Nevertheless, because it was possible that Plaintiff could amend to make the requisite showing of materiality, the Court dismissed this claim with leave to amend. (Dkt. No. 81.)

The Court dismissed Plaintiff's Section 2923.6 claim because Plaintiff failed to allege that Ocwen denied her loan modification fewer than thirty-one days before the notice of default was mailed, but provided her leave to amend to allege a clear timeline of any loan modification applications and any notices of default. (Dkt. No. 81.) Because the Court dismissed both of Plaintiff's claims under the HBOR, the Court also dismissed Plaintiff's claim under the California Unfair Competition Law with leave to amend. (*Id*.)

As for Plaintiff's negligence claim, the Court noted that Plaintiff alleged that counsel for Ocwen repeatedly instructed her to miss her mortgage payments "in order to be approved for" a loan modification; that she missed payments in reliance on these instructions; that her loan modification application was nonetheless denied; and that her account was consequently put into default. (Dkt. No. 81 (citing Dkt. No. 67 at 4-5, 21).) The Court denied the motion to dismiss Plaintiff's negligence claim because it found that her allegations were sufficient at that pleading stage. (Dkt. No. 81.) However, Ocwen had not yet raised, and the Court did not address whether those misrepresentations were protected by the litigation privilege.

3

The Court again dismissed Plaintiff's claim for wrongful disclosure, finding that Plaintiff failed to plead facts sufficient to plausibly show that she tendered the amount of the indebtedness or that she was excused from tendering. However, the Court provided Plaintiff with another opportunity to amend this claim. (Dkt. No. 81.) The Court commented that because that would be Plaintiff's third amended complaint, further amendment was highly unlikely to be permitted. (*Id*.)

On October 11, 2018, Plaintiff filed her Third Amended Complaint. (Dkt. No. 101.) In this complaint, and in her subsequent Fourth Amended Complaint, Plaintiff now only alleges a claim for negligence. On November 2, 2020, in consideration of Ocwen's motion for judgment on the pleadings, because Plaintiff had alleged that the misrepresentations at issue were made by Ocwen's then counsel during settlement negotiations, the Court held that those statements were protected by the litigation privilege. The Court dismissed Plaintiff's negligence claim, but provided Plaintiff with one more opportunity to amend her allegations. The Court made clear that Plaintiff would need to allege facts separate from Ocwen's counsel's alleged misrepresentations, to support her claim for negligence.

In her Fourth Amended Complaint, Plaintiff omitted any reference to Ocwen's counsel, but appears to be relying on the same misrepresentations. That was not in accordance with the Court's instructions. Due to the litigation privilege, Plaintiff cannot rely on statements made by Ocwen's counsel made during settlement negotiations.

The parties shall be prepared to address the following questions at the hearing:

1. What *specific facts*, other than the alleged misrepresentations by Ocwen's former counsel, support the claim for negligence? Where *specifically* in the operative complaint are those allegations?
2. Are there any additional facts that support the claim for negligence that are not pleaded in the Fourth Amended Complaint? If so, what are those *specific* facts and why are they missing from the Fourth Amended Complaint?
3. In paragraph 8, Plaintiff alleges she "was unable and Defendant was unwilling to let her reinstate the loan." (Dkt. No. 132, ¶ 8.) Is this a typographical error or did Plaintiff intend to allege that she was unable?
4. In her negligence claim, Plaintiff alleges that Defendant Ocwen Loan Servicing LLC

4

violated the Homeowners' Bill of Rights ("HBOR"). (Dkt. No. 132, ¶ 83.) However, Plaintiff omitted her claims under the HBOR and has not pled additional facts to cure the defects previously noted by the Court as described above.

    a.    Is Plaintiff relying on alleged violations of the HBOR to support her negligence claim? If so, what alleged violations?

    b.    Does Plaintiff contend that Ocwen denied her loan modification fewer than thirty-one days before the notice of default was mailed as required to state a violation of California Civil Code section 2923.6?

**IT IS SO ORDERED**.

Dated: January 15, 2021

_____
SALLIE KIM
United States Magistrate Judge